IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COHO LICENSING LLC,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>LINKEDIN CORP.,<br><br>　　Defendant. | C.A. No. 13-1569-RGA |
| COHO LICENSING LLC,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>ROVI CORPORATION,<br><br>　　Defendant. | C.A. No. 13-1573-RGA |
| COHO LICENSING LLC,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>TWITTER, INC.<br><br>　　Defendant. | C.A. No. 13-1575-RGA |
| COHO LICENSING LLC,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>GLAM MEDIA, INC. and NING, INC.,<br><br>　　Defendants. | C.A. No. 13-1576-RGA |

**PLAINTIFF COHO LICENSING, LLC'S ANSWERING BRIEF IN OPPOSITION TO LINKEDIN CORP., ROVI CORPORATION, TWITTER, INC., GLAM MEDIA, INC. AND NING, INC.'s MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| March 3, 2014 | BAYARD, P.A. |
| OF COUNSEL: | Richard D. Kirk (#0922) |
| | Stephen B. Brauerman (#4952) |
| Eugenio Torres-Oyola | Vanessa R. Tiradentes (#5398) |
| FERRAIUOLI LLC | Sara E. Bussiere (#5725) |
| 221 Plaza 5th Floor | 222 Delaware Avenue, Suite 900 |
| 221 Ponce de León Ave. | P.O. Box 25130 |
| San Juan, Puerto Rico 00917 | Wilmington, DE 19899 |
| (787) 766-7000 | (302) 655-5000 |
| etorres@ferraiuoli.com | rkirk@bayardlaw.com |
| | sbrauerman@bayardlaw.com |
| | vtiradentes@bayardlaw.com |
| | |
| | *Attorneys for Coho Licensing LLC* |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

III. SUMMARY OF THE ARGUMENTS ............................................................................... 2

IV. ARGUMENTS ..................................................................................................................... 3

    A.    LEGAL STANDARD FOR TRANSFER OF VENUE ............................................ 3

    B.    THE PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF DELAWARE ........................................................................................................... 5

        1.    Coho's choice of forum weighs strongly in favor of denying the transfer of venue. ........................................................................................ 5

        2.    Defendants' choice of forum should be afforded minimal weight. ............. 6

        3.    The factor of "where the claim arose" has no weight in the balancing of the factors and, in the alternative, it fails to support a transfer of venue. ............................................................................................ 6

        4.    The convenience of the parties strongly favors Coho's choice of forum, Delaware. ........................................................................................ 7

        5.    The convenience of the witnesses, but only to the extent that the witnesses may be unavailable to testify in one of the fora, strongly favors Coho's choice of forum, Delaware. ................................................ 9

        6.    The factor of the documentary evidence strongly favors Coho's choice of forum, Delaware. ........................................................................ 11

    C.    THE PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF DELAWARE ........................................................................................................... 12

        1.    The "Enforceability of the Judgment" factor favors Delaware. ................ 12

        2.    The "Practical Considerations that Could Make Trial Easy, Expeditious, or Inexpensive" factor favors Delaware. .............................. 12

        3.    The "Relative Administrative Difficulty in the Two Fora Resulting from Court Congestion" factor favors Delaware. ...................................... 13

|  |  | 4. | The "Local Interest in Deciding Local Controversies at Home" factor favors Delaware. | 13 |
|---|---|---|---|---|
| V. | CONCLUSION |  |  | 14 |

## TABLE OF AUTHORITIES

*Cases*

Acuity Brands, Inc. v. Cooper Industries, Inc.
    C.A. No. 07-444-GMS
    2008 WL 2977464 (D. Del. July 31, 2008) ....................................................................... 11, 14

Affymetrix, Inc. v. Synteni, Inc.
    28 F.Supp.2d 192 (D. Del 1998) ........................................................................................... 9, 10

AIP Acquisition v. iBasis, Inc.
    C.A. No. 12-616-GMS
    2012 WL 5199118, (D. Del. Oct. 19, 2012) ................................................................................ 7

Amgen, Inc. v. Ariad Pharm., Inc.
    513 F.Supp.2d 34 (D. Del 2007) ................................................................................................. 4

Bergman v. Brainin
    512 F.Supp. 972 (D. Del. 1981) .................................................................................................. 5

Boston Scientific Corp. v. Johnson & Johnson Inc.
    532 F.Supp.2d 648 (D. Del 2008) ............................................................................................... 5

Carl Zeiss Meditec, Inc v. Optovue, Inc.
    C.A. No.10-084-GMS
    2011 WL 1419714 (D. Del Apr. 13, 2011) .................................................................................. 6

Cellectis S.A. v. Precision Biosciences, Inc.
    858 F.Supp.2d 376 (D. Del. 2012) .............................................................................................. 7

Continental Cas. Co. v. American Home Assurance Co.
    61 F.Supp.2d 128 (D.Del.1999) .................................................................................................. 4

Cypress Semiconductor Corp v. Integrated Circuit Sys., Inc.
    C.A. No. 01-199-SLR
    2001 WL 1617186 (D. Del. Nov. 28, 2001) ............................................................................. 11

Gielata v. Heckman
    C.A. No. 10-378-LPS-MPT
    2010 WL 3940815 (D. Del. Oct. 6, 2010) ......................................................................... passim

ING Bank, FSB v. Palmer
    C.A. No. 09-897-SLR
    2010 WL 3907825 (D. Del. Sept. 29, 2010) .............................................................................. 10

Intel Corp. v. Broadcom Corp.
  167 F.Supp.2d 692 (D. Del. 2001) ................................................................................ 7

Intellectual Ventures I LLC v. Altera Corp.
  842 F. Supp.2d 744 (D. Del 2012) ............................................................................. 11

Magsil Corp. v. Seagate Tech.
  C.A. No. 08-940
  2009 WL 1259043 (D. Del. Apr. 30, 2009) ................................................................. 8

*Micro Technology v. Rambus*
  654 F.3d 1311 (Fed. Cir. 2011) ................................................................................... 4

Microsoft Corp. v. Geotag, Inc.
  847 F.Supp.2d 675 (D. Del 2012) ............................................................................... 4

Nice Sys., Inc. v. Witness Sys., Inc.
  C.A. No. 6-311-JJF
  2006 WL 2946179 (D. Del Oct. 12, 2006) .......................................................... 5, 6, 7

Quantum Loyalty Systems v. TPG Rewards, Inc.
  C.A. No. 09-022-SLR
  2009 WL 890644 (D. Del. Apr. 2, 2009) ................................................................... 10

R2 Tech., Inc. v. Intelligent Sys. Software, Inc.
  C.A. No. 02-472-GMS
  2002 WL 31260049 (D. Del. Oct. 9, 2002) ................................................................. 6

Round Rock Research LLC v. Dell, Inc.
  904 F.Supp.2d 374 (D. Del. 2012) ........................................................................... 4, 5

Stratos Lightware, Inc. v. Witness Sys., Inc.
  C.A. No. 06-311-JJF
  2002 WL 500920 (D. Del Mar. 26, 2002) ................................................................... 4

Sunds Defibrator, Inc. v. Durametal Corp.
  1997 WL 74660 (D. Del. 1997) ................................................................................ 10

Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.
  2006 WL 1653143 (D. Del. 2006) ............................................................................ 12

Plaintiff Coho Licensing LLC (hereafter "Coho" or "Plaintiff") hereby files this Answering Brief in Opposition to Defendants' Motion to Transfer Venue.

## I. INTRODUCTION

Co-defendants Linkedin Corp. (hereafter "LinkedIn"), Rovi Corporation (hereafter "Rovi"), Twitter, Inc. (hereafter "Twitter"), Glam Media, Inc. (hereafter "Glam Media") and Ning, Inc,'s (hereafter "Ning" and collectively with LinkedIn, Rovi, Twitter, and Glam Media, "Defendants") jointly filed a Motion for Transfer of Venue to the Northern District of California (hereafter the, "Motion to Transfer"). (D.I. 15 in C.A. No. 13-1569-RGA, D.I. 13 in C.A. No. 13-1573-RGA, D.I. 15 in C.A. No. 13-1575-RGA, and D.I. 16 in C.A. No. 13-1576-RGA, respectively.)  Simply put, Defendants do not prove that a transfer of venue is necessary or appropriate in these cases.  Initially, and most importantly, Plaintiff's choice of forum should not be disturbed.  In addition, Plaintiff and Defendants are all Delaware corporations.  This factor inevitably tilts the balance in favor of Delaware as the ideal forum to litigate this case.  Furthermore, Defendants failed to demonstrate that either of the convenience factors – parties, witnesses or location of documentary evidence – weighs in favor of transfer.  For the foregoing reasons, Defendants Motion to Transfer should be denied.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On September 17 and September 18, 2013, Coho filed complaints against the Defendants alleging infringement of U.S. Patent Nos. 8,024,395 (the "'395 Patent") and 8,166,096 (the "'096 Patent") (collectively the, "Asserted Patents").  On February 12, 2014, Defendants jointly filed a Motion for Transfer of Venue to the Northern District of California.

1

### III.     SUMMARY OF THE ARGUMENTS

Defendants' Motion to Transfer does not establish that litigating the case in Delaware would pose an unusual burden upon them. When the relevant factors are considered in their entirety, the overwhelming majority weigh against transfer.[1]

First, Plaintiff is a Delaware limited liability company. (D.I. 1 for all Defendants). The Defendants are all Delaware corporations.[2] As such, Coho selected Delaware as the ideal venue to bring the complaints in an effort to maximize judicial economy, efficiency and convenience for all concerned given that all Defendants and Coho are incorporated in Delaware.

Second, it is well established that Coho's choice of venue is entitled to "paramount" consideration and should only be disturbed if Defendants show the balance of factors strongly favors transfer under section 1404. Consideration of the other factors does not meet this test.

Third, Coho is a Delaware entity and litigating across the country in the Northern District of California is not remotely convenient. In addition, Coho already has local counsel in Delaware with whom Coho is very familiar and who knows the merits of the case. By moving the case to the Northern District of California, Coho will lose this trusted partner and will have to find alternative local counsel in the Northern District of California and bring them up to speed.

---

[1] Title 28, section 1404(a) states the following: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[2] Linkedin is a Delaware corporation with its corporate headquarters in Mountain View, California. (D.I. 9 in C.A. No. 13-1569-RGA); Rovi is a Delaware corporation with its corporate headquarters at Santa Clara, California (D.I. 7 in C.A. No. 13-1573-RGA); Twitter is a Delaware corporation with its corporate headquarters at San Francisco, California (D.I. 9 in C.A. No. 13-1575-RGA); Glam Media is a Delaware corporation with its corporate headquarters at Brisbane, California (D.I. 10); Ning is a Delaware corporation and it is a wholly-owned subsidiary of Glam Media (D.I. 10 in C.A. No. 13-1576-RGA).

2

Fourth, Defendants failed to demonstrate that convenience weighs in favor of transfer, especially in both the convenience of the parties and witnesses as well as, the location of the documentary evidence factors.

Finally, the public interest factors either clearly weigh in favor of Delaware as the appropriate venue or are neutral for the analysis.

Consequently, Coho respectfully submits that, as discussed in detail below, Defendants' Motion to Transfer should be denied.

## IV.    ARGUMENTS

### A.    LEGAL STANDARD FOR TRANSFER OF VENUE

The Third Circuit has set forth the framework for district courts to consider when evaluating a request for transfer of venue.  These considerations include both public and private factors, which are as follows:

> Private interests:
>    (1) plaintiff's forum preference as manifested in the original choice;
>    (2) the defendant's preference;
>    (3) whether the claim arose elsewhere;
>    (4) the convenience of the parties as indicated by their relative physical and financial condition;
>    (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and
>    (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> Public interests:
>    (7) the enforceability of the judgment;
>    (8) practical considerations that could make the trial easy, expeditious, or inexpensive;
>    (9) the relative administrative difficulty in the two fora resulting from court congestion;
>    (10) the local interest in deciding local controversies at home;
>    (11) the public policies of the fora; and
>    (12) the familiarity of the trial judge with the applicable state law in diversity cases.

*See* Microsoft Corp. v. Geotag, Inc., 847 F.Supp.2d 675, 677 (D. Del 2012) (*quoting* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3rd Cir. 1995)). "The burden is upon the movant to establish that the balance of the interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." Stratos Lightware, Inc. v. Witness Sys., Inc., C.A. No. 06-311-JJF, 2002 WL 500920, at *2 (D. Del Mar. 26, 2002) (*quoting* Continental Cas. Co. v. American Home Assurance Co., 61 F.Supp.2d 128, 131 (D.Del.1999)).

Further, the state of formation and incorporation of Plaintiff and the moving Defendants in Delaware supports denying a motion to transfer. For one, Delaware has a public policy which encourages the use of "Delaware as a forum for the resolution of business disputes." *Round Rock Research LLC*, 904 F.Supp.2d at 378 (stating that a Delaware corporation suing another Delaware corporation weighs in favor on Delaware as an appropriate venue) (citations omitted). In addition, the Federal Circuit has also stated that where "both parties were incorporated in Delaware, they had both willingly submitted to suit there, which weighs in favor of keeping the litigation in Delaware." *Micro Technology v. Rambus*, 654 F.3d 1311, 1332 (Fed. Cir. 2011); *see also* Gielata v. Heckman, C.A. No. 10-378-LPS-MPT, 2010 WL 3940815, at *3 (D. Del. Oct. 6, 2010) ("A corporation's selection of its state of incorporation, however, 'is a rational and legitimate reason to choose to litigate in that state,'[3] and a corporate defendant should not complain when an action is brought against it in the incorporating state."); *Id*. (*quoting* Stratos Lightware, Inc. v. Witness Sys., Inc., C.A. No. 06-311-JJF, 2002 WL 500920, at *2 (D. Del Mar. 26, 2002)).

---

[3] *See* Amgen, Inc. v. Ariad Pharm., Inc., 513 F. Supp. 2d 34, 45 (D. Del 2007) (citations omitted).

As the parties seeking transfer, Defendants have the burden of "establishing the need" for the transfer. *See* 28 U.S.C. §1404(a); *see also* Round Rock Research LLC v. Dell, Inc., 904 F. Supp. 2d 374, 375 (D. Del. 2012); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). That is, transfer should be denied "'if the factors are evenly balanced or weigh only slightly in favor of the transfer,' or if a change in venue merely shifts the inconvenience to the nonmovant." Gielata v. Heckman, C.A. No. 10-378-LPS-MPT, 2010 WL 3940815, at *3 (D. Del. Oct. 6, 2010) (*quoting* Bergman v. Brainin, 512 F.Supp. 972, 973 (D. Del. 1981)). The fact that Delaware is less convenient for the Defendants is "insufficient to warrant transfer." Gielata, 2010 WL 3940815, at *2 (*quoting* Nice Sys., Inc. v. Witness Sys., Inc., C.A. No. 6-311-JJF, 2006 WL 2946179, at *2 (D. Del Oct. 12, 2006) ("[A] transfer is not warranted "simply because the transferee court is more convenient for defendants.") (citations omitted).)

### B.  THE PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF DELAWARE

#### 1.  Coho's choice of forum weighs strongly in favor of denying the transfer of venue.

Plaintiff's choice of forum is "paramount" and should not be disturbed. Gielata, 2010 WL 3940815, at *2. Defendants have not showed that litigating the case in Delaware is not logical or legitimate. *See* Boston Scientific Corp. v. Johnson & Johnson Inc., 532 F.Supp.2d 648, 655 (D. Del 2008). ("[A] corporation's decision to incorporate in a particular state is a rational and legitimate reason to litigate in that state."). Quite to the contrary, Defendants have merely stated that it is more convenient for them to litigate the case in the Northern District of California, relying primarily on two arguments: (1) that Defendants are headquartered in California and (2) that "many non-party witnesses … are located in Silicon Valley." (D.I. 15, at

5

1-2). Unfortunately for Defendants, that is not sufficient to warrant a transfer of venue. *See* Nice Sys., Inc., 2006 WL 2946179, at *2.

### 2. Defendants' choice of forum should be afforded minimal weight.

As previously stated, Coho's choice of forum may not be disturbed unless the Defendants can "prove litigating in the plaintiff's forum 'would pose a unique or unusual burden in its operations.'" Gielata, 2010 WL 3940815, at *2. There is nothing unique or unusual about litigating this case in the state where Defendants chose to incorporate. The fact that Defendants are searching for additional convenience in the litigation should be disregarded and given no weight by this Court.

Moreover, even when parties have their principal place of business in other states, this Court has denied a request for transfer of venue where "both parties are incorporated in Delaware, and therefore, chose to be corporate citizens of Delaware for legal and other purposes." Nice Sys., Inc., 2006 WL 2946179, at *2; *see also* Carl Zeiss Meditec, Inc v. Optovue, Inc., C.A. No.10-084-GMS, 2011 WL 1419714, at *3 (D. Del Apr. 13, 2011) (finding that even where both parties were headquartered in California, the plaintiff's choice of forum outside its home turf is rational and legitimate because the defendant is incorporated in Delaware and received the benefits of Delaware incorporation); R2 Tech., Inc. v. Intelligent Sys. Software, Inc., C.A. No. 02-472-GMS, 2002 WL 31260049, at *2 (D. Del. Oct. 9, 2002) (finding that parties' incorporation in Delaware does not favor transfer because parties should reasonably expect to litigate in that forum).

### 3. The factor of "where the claim arose" has no weight in the balancing of the factors and, in the alternative, it fails to support a transfer of venue.

Defendants contend that the claims arose in California where "the design, development, and engineering of the underlying software of the […] accused software systems occurred…." (D.I. 15, at 12.)  However, "as a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority." AIP Acquisition v. iBasis, Inc., C.A. No. 12-616-GMS, 2012 WL 5199118 (D. Del. Oct. 19, 2012) (*quoting* Cellectis S.A. v. Precision Biosciences, Inc., 858 F. Supp. 2d 376, 381 (D. Del. 2012)) (citations omitted).  "Accordingly, when the defendant in a patent infringement action operates on a national or global level, this factor is generally neutral." *Id*.  Defendants admit that they "make their products available nationally." (D.I. 15, at 24.)  Defendants have customers that purchase and use their products and services across the United States, including Delaware.  Therefore, it cannot be contested that Defendants operate at a national level and that the claim in this case arises anywhere in the United States. Given the foregoing, Defendants cannot reasonably argue that their accused products and business activities do not reach this state, where they are incorporated, and which is part of their national operations.  As such, this factor either counsels against transfer or should be given no weight

### 4. The convenience of the parties strongly favors Coho's choice of forum, Delaware.

Defendants have failed to meet their burden of establishing that convenience weighs in favor of a transfer.  As above, a "transfer is not warranted simply because the transferee court is more convenient for defendants." Nice Sys., Inc., 2006 WL 2946179, at *2 (citations omitted).  We live in an incredibly advanced and modern world, with "the conveniences of modern travel and communication technology." Intel Corp. v. Broadcom Corp., 167 F.Supp.2d 692, 706 (D. Del. 2001).  Therefore, instead of merely showing a greater convenience in litigating elsewhere, Defendants are required to show that litigating in Delaware would pose a "unique or unusual

7

burden on business operations." *Id.* (internal quotations marks and citations omitted) (denying motion to transfer because defendant did not show inconvenience through burden); *see also* Magsil Corp. v. Seagate Tech., C.A. No. 08-940, 2009 WL 1259043, at *1 (D. Del. Apr. 30, 2009) (denying transfer and holding that "[c]onvenience is relevant only as it relate to defendants' physical and financial condition" and that the defendants "will not suffer meaningful financial hardship if required to litigate in Delaware."). It is truly impossible for Defendants to claim that it is inconvenient for them to litigate this case in Delaware when they are national companies that chose to incorporate in Delaware. The fact that they have headquarters elsewhere does not change the reality that Delaware is an adequate and logical venue for them as well. Moreover, Defendants are large, successful companies with substantial revenue revenue. As such, requiring them to fly from California to Delaware cannot reasonably impose a financial burden upon them. Especially when LinkedIn is expecting to generate over 2 billion dollars in revenue for the year 2014;[4] Twitter earned 243 million in the fourth quarter of 2013;[5] and Rovi reported revenue equaling 152.4 million dollars for the fourth quarter of 2013 alone.[6] With these numbers, there can be no question that the convenience factor counsels against transferring the case.

As stated, this Court requires a showing of "some sort of unique or unexpected burden" to truly demonstrate Delaware is an inconvenient forum. Gielata, 2010 WL 3940815, at *2. So much so, that this Court has found that it is "not inconvenient" for companies to travel "six thousand miles round trip" from California to litigate in Delaware – even when none of the

---

[4] *See* Exhibit A.
[5] *See* Exhibit B.
[6] *See* Exhibit C.

8

defendants were Delaware entities.  *Id*.  The foregoing reality, coupled with the Defendants' size and financial capabilities, requires denial of Defendants' motion to transfer.

> 5. **The convenience of the witnesses, but only to the extent that the witnesses may be unavailable to testify in one of the fora, strongly favors Coho's choice of forum, Delaware.**

The convenience of the witnesses strongly favors Coho's choice of forum.  Defendants contend that they have identified "[s]everal non-party witnesses that will likely be called to testify in this case" and "this group includes current and former employees."  (D.I. 15, at 18).  This is not remotely close to being sufficient for a transfer.  First, witnesses that are "employed by a party carry no weight in the "balance of convenience" analysis since each party is able, indeed obligated to procure the attendance of its own employees for trial."  Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del 1998).  Second, witnesses that are "retained by a party to testify carry little weight in determining where the "balance of convenience" lies (especially in an action for patent infringement)."  *Id*.

Even where non-party witnesses may be located outside of a court's jurisdiction and subpoena power, that fact alone is not enough to tip the balance in favor of transfer, particularly when the moving party fails, as Defendants do here, to identify and describe the expected testimony of any such witnesses.  Defendants here only generally state that the identified witnesses were "involved in the development of distributed processing systems pertinent to the patents-in-suit."  (D.I. 15, at 18).  Defendants further vaguely state "there are a number of non-party witnesses" "with knowledge of non-infringement and prior art."  (D.I. 15 at 21.)  Certainly, these general and vague statements as to the content of the testimonies of these potential witnesses that will "likely be called to testify" are not suffienct to justify a transfer of venue.

> Finally, with respect to the numerous "unnamed" individuals possibly residing in Silicon Valley who might possess some knowledge about wither the prior art or

9

> the underlying facts giving rise to the lawsuit, the Court affords them no weight in its "balance of convenience" analysis. Given the complete lack of specificity with which these witnesses were identified and the absence of "adequate information with respect to the content and materiality" of their testimony, the Court has no other choice but to discount them in its weighing test.

Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192 at 205 (*quoting*, *inter alia*, Sunds Defibrator, Inc. v. Durametal Corp., 1997 WL 74660, at *3 (D. Del. 1997) ("failing to specify the identity and testimony of potential witnesses fails to tip the balance of convenience in favor of transfer").  Defendants have merely provided the names of possible witnesses and generally stated they have knowledge regarding certain products, however, they did not specify if in fact those mentioned would be called as witnesses nor did they provide a summary of what the content of such testimony would include.  As such, Defendants have failed to meet their burden of specifically identifying all of the purported witnesses as well as, detailed information relevant to their testimonies.

Notwithstanding the aforementioned, this Court has consistently disregarded the fact that witnesses might exist outside its subpoena power given the low percentage of cases that actually go to trial and the fact that witnesses can be deposed where they live or work.  ING Bank, FSB v. Palmer, C.A. No. 09-897-SLR, 2010 WL 3907825, at *1 (D. Del. Sept. 29, 2010) (quoting Quantum Loyalty Systems v. TPG Rewards, Inc., C.A. No. 09-022-SLR, 2009 WL 890644, at *2 n.3 (D. Del. Apr. 2, 2009)) (denying a transfer where the moving party showed several independent witnesses existed in Washington State, holding "[g]iven that less than 20% of all cases go to trial, and that witnesses can be deposed where they work, this argument is unpersuasive at this time").[7]  Therefore, this factor does not support transfer of venue.

---

[7] *See also* Quantum Loyalty Systems, 2009 WL 890644, at *2 (finding New York defendant's arguments for transfer "unpersuasive" "[g]iven electronic discovery, electronic means for recording depositions, and the fact that trials go forward in less than 20% of all cases").

10

### 6. The factor of the documentary evidence strongly favors Coho's choice of forum, Delaware.

Defendants claim that "much of the evidence relating to the accused software is stored in the Northern District, or accessible from the Moving Defendants' headquarters in the Northern District." (D.I. 15, at 22.) However, the location of documents is not a controlling factor. Cypress Semiconductor Corp v. Integrated Circuit Sys., Inc., C.A. No. 01-199-SLR, 2001 WL 1617186, at *4 (D. Del. Nov. 28, 2001) (finding that access to documents does not weigh in favor of transfer because "[n]o matter where the trial is held [defendants'] …counsel and [plaintiffs']… counsel will be required to travel to [various places] to select and produce the requested discovery. Regardless of where the trial is held, the documents will be copied and mailed to the offices of counsel and subsequently transported to trial.") (internal quotations and citations omitted); *see also* Intellectual Ventures I LLC v. Altera Corp., 842 F. Supp. 2d 744, 758-59 (D. Del. 2012) ("Yet this factor is often not entitled too much weight, given the combination of the Third Circuit's emphasis on whether the files could be produced in each of the fora at issue and 'recent technological advances'."). As such, a court "should consider the location of books and records in its [transfer] analysis only to the extent that the files could not be produced in the alternative forum." Acuity Brands, Inc. v. Cooper Industries, Inc., C.A. No. 07-444-GMS, 2008 WL 2977464, at *3 (D. Del. July 31, 2008) (*quoting* Jumara, 55 F.3d at 879). The reality is that nowadays, discovery can be conducted anywhere. Thus, the weight of this factor has been significantly reduced. Acuity Brands, Inc., 2008 WL 2977464, at *3 (denying transfer of a Georgia-based Delaware corporation where most documents where shown to be located in Georgia, given that discovery can be conducted at any location, that "modern technology allows for the easy exchange of electronic discovery, and where movant failed to show "the relevant documents could not be produced in Delaware") (*quoting* Turn of the Century

11

Solution, L.P. v. Int'l Rectifier Corp., 2006 WL 1653143, at *3 (D. Del. 2006)).  In the case at bar, Defendants have failed to show that the relevant documents cannot be produced in Delaware, especially by electronic means by which most of these documents are probably kept in their ordinary course of business.  Therefore, this factor does not weigh in favor of a transfer.

### C.   THE PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF DELAWARE

#### 1.   The "Enforceability of the Judgment" factor favors Delaware.

Defendants fail to discuss this public interest factor.  (*See generally*, D.I. 15 in in C.A. No. 13-1569-RGA.)  Nonetheless, this factor also favors Delaware. All of the parties involved are entities that have not contested this Court's jurisdiction.  Therefore, this Court's power to enforce any judgment it might render against one or more of the parties to the case at bar remains undisputed and uncontested.

#### 2.   The "Practical Considerations that Could Make Trial Easy, Expeditious, or Inexpensive" factor favors Delaware.

Defendants do not identify any real practical considerations that would justify transfer. Instead, Defendants claim that transferring the case to the Northern District of California will "promote efficiency" because it is where they "are headquartered" and because it "will also help avoid unnecessary disruption to Moving Defendants' employees."  Defendants' argument is nothing more than a statement that this case would be more efficient if they are less disrupted than Coho during this litigation.  This argument is not sufficient to warrant a transfer.  No practical considerations enhance trial efficiencies in the Northern District of California that are not available in the District of Delaware.  Nonetheless, even if this factor were found to slightly favor transfer, it still would not be enough to overcome the strong presumption in favor of Coho's chosen forum. Gielata, 2010 WL 3940815, at *2.

Additionally, not all of the defendants against whom Coho has brought a patent infringement action in Delaware have requested transfer of venue. Therefore, the District of Delaware will still have to litigate Coho's similar claims against AOL even if it were to grant Defendants' Motion to Transfer.[8] This fact inevitably weighs against Defendants arguments of efficiency and practicability, as clearly the more practical and efficient choice would be to try all of the cases in the same district. Thus, this factor does not weigh in favor of transfer.

### 3. The "Relative Administrative Difficulty in the Two Fora Resulting from Court Congestion" factor favors Delaware.

Defendants claim that the Northern District of California's court's docket is "less congested than the District of Delaware." (D.I. 15, at 25). Defendants base their claim on one statistic; that is, that "the Northern District has on average 442 civil cases pending per judge, while the District of Delaware has approximately 569 cases pending per judge." (D.I. 15, at 25). While both districts are busy, Delaware's time to trial is somewhat shorter than that of the Northern District of California. As such, this factor is at best neutral.

### 4. The "Local Interest in Deciding Local Controversies at Home" factor favors Delaware.

Defendants claim that the Northern District of California has a greater interest in deciding this case because their "activities related to the software have occurred substantially in the Northern District" and that the "[p]rincipal creators of Hadhoop, along with other sources of prior art, are also in the Northern District." (D.I. 15, at 24). Nonetheless, Delaware "clearly has substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware corporations." Acuity Brands, Inc., 2008 WL 2977464, at *2. As it has been

---

[8] Coho Licensing LLC v. AOL, Inc., C.A. No. 13-1568-RGA.

13

repeatedly established herein, the moving Defendants and Coho are all Delaware entities. Consequently, this factor does not weigh in favor of transfer but it does favor Delaware.

## V.     CONCLUSION

As demonstrated herein, Defendants have failed to meet their required burden of establishing a need for transfer.  Most importantly, Plaintiff's decision as a Delaware corporation to file suit against other Delaware corporations should be given paramount consideration. Further, the sheer discrepancy in size and financial statute between Defendants and Plaintiff support the denial of a transfer to a location virtually across the United States.  The remaining factors are either not sufficient to tilt the balance in favor of Defendants or they are neutral, at best. Consequently, when all things are equal between the "transferee" and the "transferor" venue, the transfer cannot ensue, therefore, Defendants Motion to Transfer should be denied.

**WHEREFORE**, it is respectfully requested that this Honorable Court deny HTC's unwarranted motion for transfer of venue and grant Plaintiff the expected deference in its choice of forum.

Dated: March 3, 2014

OF COUNSEL:

Eugenio Torres-Oyola
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000
etorres@ferraiuoli.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
Sara E. Bussiere (#5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Coho Licensing LLC*

14