1
2
3
4
5
6
7
8

**FERRAIUOLI LLC**
Jean G. Vidal-Font SBN No. 266475
jvidal@ferraiuoli.com
Eugenio Torres-Oyola (*Pro Hac Vice* To Be Filed)
etorres@ferraiuoli.com
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
(787) 766-7000

**[Additional counsel listed on signature page]**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9 10 11 12 13<br><br>**Coho LICENSING LLC,**<br>  **Plaintiff,**<br><br>**v.**<br><br>**GLAM MEDIA INC. and NING, INC.**<br>  **Defendant.** | **MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED.R.CIV.P. 42(A) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Case No. C 14- 01576-JSW (Transferred from the US District of Delaware)<br>Assigned to: Hon. Jeffrey S. White<br>Complaint originally filed: Sept. 18, 2013 |
| 14 15<br><br>**LINKEDIN CORPORATION**<br>  **Defendant.** | CASE NO.: C 14-01577- CW (Transferred from the US District of Delaware)<br>Assigned to: Hon. Claudia Wilken<br>Complaint originally filed: Sept. 17, 2013 |
| 16 17<br><br>**AOL, Inc.**<br>**Defendant.** | CASE NO.: C 14-01578- YGR(Transferred from the US District of Delaware)<br>Assigned to: Hon. Yvonne Gonzalez Rogers<br>Complaint originally filed: Sept. 17, 2013 |
| 18 19 20<br><br>**ROVI, CORP.**<br>  **Defendant.** | CASE NO.: C 14-01579 PJH (Transferred from the US District of Delaware)<br>Assigned to: Hon. Phyllis J. Hamilton<br>Complaint originally filed: Sept. 18, 2013 |
| **TWITTER INC.**<br>**Defendant.** | CASE NO.: C 14- 02718-SI (Transferred from the US District of Delaware)<br>Assigned to: Hon. Susan Illston.<br>Complaint originally filed: Sept. 18, 2013 |

# I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Coho Licensing, LLC ("Coho" or "Plaintiff"), by and through its undersigned counsel, respectfully requests that the Court consolidate the following closely-related patent infringement actions currently pending in the Northern District of California:

| Case Name | Case No. | Judge |
|---|---|---|
| CoHo v. Glam Media | C 14- 01576-JSW | Hon. Jeffrey S. White |
| CoHo v. LinkedIn | C 14-01577- CW | Hon. Claudia Wilken |
| CoHo v. AOL Inc. | C 14-01578- YGR | Hon. Yvonne González-Rogers |
| CoHo v. Rovi Corp. | C 14-01579 PJH | Hon. Phyllis J. Hamilton |
| CoHo v. Twitter, Inc. | C 14- 02718-SI | Hon. Susan Illston |

The above mentioned cases (the "Related Cases") were transferred from the United Stated District Court for the District of Delaware upon defendants Glam Media Inc. and Ning, Inc. ("Glam Media"), LinkedIn Corporation ("LinkedIn"), AOL Inc. ("AOL"), Rovi Corp. ("Rovi") and Twitter, Inc. ("Twitter")(collectively, "Defendants")'s request. These actions involve the same Plaintiff, the same patents, similar allegations of infringement and potentially overlapping issues of claim construction, enforceability and validity. As a result, they present common core legal and factual issues for which consolidation will save substantial time and effort for the Courts and the parties, and will also promote consistency in the determinations of facts and the application of the law.

It is also worth noting that since the Related Cases were transferred to this District upon Defendants' motion, no controversies related to personal jurisdiction or venue exists. Furthermore, the Related Cases are all in their infancy and no scheduling order has been issued in any of them. Accordingly, Plaintiff respectfully requests consolidation of the Related Cases into the first-filed action, that is, Case No. C 14- 01576-JSW.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Related Cases were originally filed by CoHo in the United Stated District Court for the District of Delaware, alleging that Defendants use software that allows for the distributed processing of large data sets across clusters of computers that form a distributed application software framework, in violation of at least one claim of U.S. Patent Nos. 8,024,395 (the "'395 Patent") and 8,166,096 (the "'096 Patent") (collectively the, "Asserted Patents") to which CoHo holds title. *See CoHo Licensing v. AOL Inc.*, Civ. Action No. 13-01568-RGA, *CoHo Licensing v. LinkedIn*, Civ. Action No. 13-01569-RGA, *CoHo Licensing v. Rovi Corp.*, Civ. Action No. 13-01573-RGA, *CoHo Licensing v. Twitter, Inc.*, Civ. Action No. 13-01575-RGA and *CoHo Licensing v. Glam Media*, Civ. Action No. 13-01576-RGA. Defendants thereupon filed a Joint Motion for Transfer of Venue to the Northern District of California, which the Delaware court granted on March 21, 2014.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

A district court has "broad discretion" under Rule 42 to consolidate cases pending in its district. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). This broad discretion extends to circumstances where such cases are pending before different judges in the same district. *Investors Research Co. v. U.S. Dist. Ct. for Central Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

The Rule 42(a) standard is expansive and requires simply that the cases sought to be

1    consolidated involve "a common question of law or fact." *See* 8 Moore's Federal Practice §

2    42.10(1)(a) (2013). A common question or questions do not have to predominate. 'All that is

3    required is that the district court find they exist and that consolidation will prove beneficial.'"

4    *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, Nos. C-06-7274, C-

5    06-7453, and C-07-0698, 2007 U.S. Dist. LEXIS 26529, at *5 (N.D. Cal. Mar. 22, 2007)

6    (*quoting* 8-42 Moore's Fed. Prac. Civ. § 42.10). In addition, the district court "weighs the saving

7    of time and effort consolidation would produce against any inconvenience, delay, or expense that

8    it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

9    **IV. DISCUSSION**

10        The Related Cases all involve the same Plaintiff and the same patents in suit, and they all

11   arise out of CoHo's claims for infringement of the Asserted Patents with respect to defendants

12   similarly situated with regards to their unlawful use of the accused technology. In light of this

13   commonality, consolidation will conserve the resources of this Court and lead to a more "just,

14   speedy, and inexpensive" resolution of the parties' disputes, as required by the Federal Rules of

15   Civil Procedure. *See* Fed. R. Civ. P. 1.

16        The Related Cases involve multiple "common questions of both law" and fact including:

17   (1) the construction of claim terms; (2) the scope and content of the prior art; (3) the level of

18   ordinary skill in the relevant art; (4) date(s) of conception and reduction to practice; (5) operation

19   of the accused technology; (6) operation of prior art; (7) derivation of the inventions claimed in

20   the Asserted Patents; and (8) numerous other issues related to invalidity and unenforceability

21   (including enablement, written description, indefiniteness, and dates of publication, use and/or

22   sale of relevant prior art, among others).

23        Considering the aforementioned factors, courts in this District frequently consolidate

1    cases when they involve the same or related patents because they necessarily involve substantial

2    legal and factual overlap. *See, e.g. Solannex, Inc. v Miasole, Inc.*, No. 11-00171, 2013 U.S. Dist.

3    LEXIS 15057 (N.D. Cal. Feb. 1, 2013) (consolidating patent infringement actions involving

4    same parties and patents from the same family with many of the same claim terms).; *In re*

5    *Facebook Privacy Litigation*, Nos. C 10–02389–JW, C 10–05301–BZ 2010 WL 5387616 (N.D.

6    Cal. Dec. 21, 2010) (*sua sponte* ordering cases consolidated in response to motion for related

7    cases); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 2006 WL 2329466, at *1 (N.D. Cal.

8    2006) (granting motion for consolidation of declaratory judgment action and later-filed patent

9    infringement action where patents at issue "relate[d] to the same technology" and belonged to the

10   same patent family, parent and continuations); *Paxonet Commc'ns, Inc. v. Transwitch Corp.*, 303

11   F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (consolidating cases where the two actions involved the

12   same parties, there was an overlap of patents between the two actions, and technologies of the

13   patents appeared related).

14          Indeed, courts in general are inclined to consolidate patent cases that revolve around

15   related technologies or claimed subject matter, and even more when, like in the Related Cases,

16   they share the same underlying patents in suit. *See, e.g, Motorola Mobility, Inc. v. Tivo,*

17   *Inc.Eyeglasses*, Cause No. 5:11–CV–53–JRG, 2012 WL 2935450 (E.D. Tex July 18, 2012);

18   *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 06-514 GMS, 2007 WL 2892707 (D. Del.

19   Sept. 30, 2007); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060 (W.D. Wis. 2008);

20   *Kohus v. Toys "R" Us, Inc.*, Nos. C-1-05-517, C-1-05-671, 2006 WL 1476209 (S.D. Ohio May

21   25, 2006); *3M Co. v. Moldex-Metric, Inc.*, No. 06-4044, 2006 WL 3759758 (D. Minn. Dec. 21,

22   2006).

23          Consolidation will also allow for streamlined resolution of the parties' discovery disputes

1  considering that it is likely that all Defendants will seek similar document productions, party

2  depositions, and third-party depositions. Separate, parallel discovery and motion practice on

3  common prior art contentions and rebuttals will impose unnecessary burden and expense upon

4  the parties.

5        Similarly, the consolidation of the Related Cases will allow this Court to hold one

6  *Markman* hearing, rather than five. Consolidation of the Related Cases will thus also alleviate the

7  burden on third party witnesses, and will be less onerous for the parties as well.

8        Finally, separate trials will consume unnecessary time and require overlapping fact and

9  expert witnesses to present testimony in five different proceedings and will require five different

10 Courts to issue separate decisions on common issues.

11       All things considered, no countervailing interest weighs against consolidation of the

12 Related Cases. There is no prospect of inconvenience, delay, or expense in the event of

13 consolidation. The actions have not progressed enough for such a result to occur. No scheduling

14 order has been entered, so no deadlines will have to be modified to accommodate consolidation.

15 Discovery has not begun, and no claim construction or other substantive briefs have been filed in

16 either action. Moreover, as described above, the factual and legal issues involved in the Related

17 Cases are substantially similar, and thus, consolidation will not create a multiplicity of parties,

18 claims and issues that may confuse the jury.

19       For the foregoing reasons, CoHo respectfully requests that the Related Cases be

20 consolidated.

21 **V. CONCLUSION**

22       The Related Cases involve the same Plaintiff, the same patents in suit and overlapping

23 allegations of infringement, and thus involve many common questions of law and fact.

1    Consolidation will reduce the risk of conflicting results, and will result in judicial economy and

2    convenience because it will eliminate duplicative discovery, motion practice, hearings and trial.

3    Moreover, no inconvenience, delay, or expense will result if the actions are consolidated.

4    Accordingly, CoHo respectfully requests that the Court grant its Motion to Consolidate the

5    Related Cases into the first-filed action, Case No. C 14- 01576-JSW, for all purposes.

6

7    Respectfully submitted.

8    DATED: June 17, 2014                    **By: _/s/ Jean G. Vidal-Font_**
                                            Jean G. Vidal-Font SBN No. 266475
9                                           FERRAIUOLI LLC
                                            221 Plaza 5th Floor
10                                          221 Ponce de León Ave.
                                            San Juan, Puerto Rico 00917
11                                          (787) 766-7000
                                            jvidal@ferraiuoli.com

12                                          Eugenio Torres-Oyola (Pro Hac Vice To Be Filed)
                                            FERRAIUOLI LLC
13                                          221 Plaza 5th Floor
                                            221 Ponce de León Ave.
14                                          San Juan, Puerto Rico 00917
                                            (787) 766-7000
15                                          etorres@ferraiuoli.com

16                                          Steven T. Lowe, Esq. SBN 122208
                                            Kris LeFan, Esq., SBN 278611
17                                          LOWE & ASSOCIATES, P.C.
                                            11400 Olympic Blvd., Suite 640
18                                          Los Angeles, CA 90064
                                            Telephone: (310) 477-5811
                                            Facsimile: (310) 477-7672
19                                          kris@lowelaw.com

20                                          Attorneys for plaintiff: Coho Licensing LLC

21

22

23

1

2
## __DECLARATION__

3

4   I, Jean G. Vidal-Font, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that that the

5   foregoing document was filed and/or served electronically in compliance with Local Rule.  As

6   such, this document was served on all counsel who have consented to electronic service.

7

8   DATED:  June 17, 2014

9

10                                             By: _/s/ Jean G. Vidal-Font_

11                                             Jean G. Vidal-Font

12

13