QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Ray R. Zado (Bar No. 208501)
rayzado@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam S. Stake (Bar No. 257916)
samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants Mode Media Corporation (formerly Glam Media, Inc.) and Ning, Inc., LinkedIn Corporation, and Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| COHO LICENSING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GLAM MEDIA, INC. AND NING INC.,<br><br>    Defendants. | Case No. 14-cv-01576-JSW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW** |
| COHO LICENSING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LINKEDIN CORPORATION,<br><br>    Defendant. | Case No: 14-cv-1577-JSW |

\* additional case captions on proceeding page

| | |
|---|---|
| COHO LICENSING LLC, | Case No: 14-cv-2128-JSW |
| Plaintiff, | |
| v. | |
| GLAM MEDIA, INC. AND NING INC., | |
| Defendants. | |
| COHO LICENSING LLC, | Case No: 14-cv-2131-JSW |
| Plaintiff, | |
| v. | |
| LINKEDIN CORPORATION. | |
| Defendant. | |
| COHO LICENSING LLC, | Case No: 14-cv-2132-JSW |
| Plaintiff, | |
| v. | |
| TWITTER, INC. | |
| Defendant. | |
| COHO LICENSING LLC, | Case No: 14-cv-2718-JSW |
| Plaintiff, | |
| v. | |
| TWITTER INC. | |
| Defendant. | |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 26, 2014 at 9:00 A.M., or as soon thereafter as counsel may be heard, Mode Media Corporation ("Mode Media") (formerly named "Glam Media, Inc."), Ning, Inc. ("Ning"), LinkedIn Corporation ("LinkedIn"), and Twitter, Inc. ("Twitter") (collectively "Movants") will move, through their attorneys of record, for a motion to stay all proceedings in the above-captioned actions pending the final resolution of the Petitions for *Inter Partes* Review filed by AOL, Inc. ("AOL") with the U.S. Patent and Trademark Office challenging all claims of the three patents-in-suit, U.S. Patent Nos. 8,024,395, 8,166,096, and 8,667,065.  This Motion will be heard in the Courtroom of the Honorable Judge Jeffrey S. White for the United States District Court in the Northern District of California.  The court is located at Oakland Courthouse, Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, California.

Movants' Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of James S. Tsuei ("Tsuei Decl.") concurrently filed herewith, the pleadings on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This Court should stay the above-captioned related cases brought by Plaintiff Coho Licensing LLC ("Coho") pending the outcome of three petitions currently before the USPTO that challenge the validity of each claim of U.S. Patent Nos. 8,024,395 ("the '395 Patent"), 8,166,096 ("the '096 Patent"), and 8,667,065 ("the '065 Patent") (collectively "the Patents-in-Suit"). Staying this action will avoid needless expenditure of both time and money directed to litigation of claims that the USPTO is likely to reject or substantively alter during proceedings before the USPTO.[1]

The above-captioned cases are in their earliest stages, and no party has yet undertaken any document productions, depositions, or expert reports. Tsuei Decl.¶¶ 3-4. A scheduling order has not yet been issued. No party has propounded discovery requests. *Id*. In particular, none of the parties have initiated claim construction discovery or briefing, and such discovery or briefing would very likely be inefficient and a waste of judicial resources due to the likelihood that the claims of the Patents-in-Suit will be canceled or modified as a result of the pending IPR proceedings.

Moreover, regardless of their outcome, the IPR proceedings are very likely to simplify the issues. Cancellation or modification of claims as a result of *inter partes* review by the PTO would streamline the issues to be resolved in this litigation. Even if claims of the reviewed patents survive *inter partes* review with no change to their scope, in the event of a stay, the issues for the Court to determine would still be substantially narrowed because "the PTAB's order will facilitate trial by providing the court with the expert opinion of the PTAB and clarifying the scope of the claims." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, C-14-1575 EMC, 2014

---

[1] Courts have further found that the PTAB is likely to grant IPR petitions. *Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("In addition, the limited statistics available to the court do indicate a likelihood that the PTO will grant the IPR petitions, at least with respect to some of the asserted claims."). Indeed, the PTAB instituted more than 85% of the IPR petitions that reached the institution-decision stage in fiscal year 2013, and the PTAB has instituted 75% of the IPR petitions that reached the same stage in fiscal year 2014 (as of August 14). *See* USPTO AIA Progress Statistics, *available at* http://www.uspto.gov/ip/boards/bpai/stats/081414_aia_stat_graph.pdf.

WL 3107447, at *4 (N.D. Cal. July 3, 2014). By contrast, if these cases are not stayed, but instead move forward parallel to the three pending IPR petitions, there is a substantial risk of wasted effort litigating issues that the IPRs ultimately render extraneous.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Coho's Lawsuits

Coho is a non-practicing entity whose principal purpose is to bring patent litigation suits and extract settlements from defendants. Coho was incorporated in Delaware on July 12, 2013. On September 16, 2013, Coho acquired the '395 and '096 Patents as well as the pending patent application that resulted in the issuance of the '065 Patent. On September 17 and 18, 2013, Coho filed the instant actions against Movants in the District of Delaware alleging patent infringement of one or more claims of the '395 and '096 Patents. *See, e.g.*, Dkt. No. 1.[2] In total, Coho filed seven nearly identical complaints for patent infringements, including those brought against Movants. Two of those cases were dismissed pursuant to settlement in February 2014. The remaining defendants sued by Coho, including Mode Media, Ning, LinkedIn, and Twitter, timely moved to transfer venue this District under 28 U.S.C. § 1404(a), which motion was granted on March 21, 2014 over Coho's opposition. *See* Dkt. Nos. 15-22, 27, 30, and 32. On May 8, 2014, Coho filed new suits against Movants in this District alleging infringement of the '065 Patent. *See* Dkt. No. 1, Case No. 14-cv-2128-JSW; Dkt. No. 1, 14-cv-2131-JSW, Dkt. No. 114-cv-2132-JSW.

On August 11, 2014, the Court ordered all cases pending in this District brought by Coho, including the above-captioned cases, related and set an Initial Case Management Conference for September 5, 2014.

### B.     The Pending Petitions for *Inter Partes* Review

The Patents-in-Suit are directed to the systems and methods for multiple tier distribution of task portions for distributed processing. Coho has asserted that each Defendant infringes "one or more" nonspecific claims of each of the Patents-in-Suit.

---

[2] Unless otherwise indicated, all citations to docket numbers refer to the docket of Case. No. 14-cv-1576-JSW.

Case Nos. 14-cv-01576-JSW, 14-cv-1577-JSW, 14-cv-2128-JSW, 14-cv-2131-JSW, 14-cv-2132-JSW, 14-cv-2718-JSW         -5-

DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW

On May 16, 2014, AOL filed Petitions for *Inter Partes* Review challenging the validity of all claims of the '395 and '096 Patents.   On June 17, 2014, AOL filed another Petition for *Inter Partes* Review challenging the validity of all claims of the '065 Patent.[3]   The chart below summarizes the IPR petitions:

| Patent | Challenged Claims | Date of Filing | PTAB Case No. |
|---|---|---|---|
| '395 Patent | 1-20 | May 16, 2014 | IPR2014-00771 |
| '096 Patent | 1-20 | May 16, 2014 | IPR2014-00774 |
| '065 Patent | 1-10 | June 17, 2014 | IPR2014-00966 |

On August 15, 2014, AOL filed a Motion to Stay Pending *Inter Partes* Review ("AOL'S Motion to Stay").   *See* Dkt. No. 36, Case No. 14-cv-1578-JSW.

## III.   LEGAL STANDARDS

Courts in this district have long recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom*, LLC, C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014) (quoting *ASCII Corp. v. STD Entm't USA*, C–93–3415 VRW, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).   Such policy applies with equal force to "motions to stay pending IPR." *Id.*   When determining whether to grant motions to stay pending IPR petitions, courts will consider:   "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, C-13-4513-RMW, 2014 WL 819277, at *3 (N.D. Cal. Feb. 28, 2014); *see Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, 13-CV-04205-WHO, 2014 WL 213179, at *1 (N.D. Cal. Jan. 17, 2014) (same).

## IV.   ARGUMENT

---

[3]   Movants Mode Media, Ning, LinkedIn, and Twitter are not real parties-in-interest in the IPR proceedings, nor are any of Movants a privy to the petitioner in AOL's IPR petitions.   *See* 35 U.S.C. § 315(e)(2); Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48759 (Aug. 14, 2012).   Movants did not fund, control, or participate in the preparation of the IPR petitions.

Movants agree with the positions set forth in AOL's Motion that a stay is appropriate in the cases brought by Coho. Movants thereby incorporate by reference the facts stated and arguments made by AOL in its Motion to Stay as part of the present Motion. *See* Dkt. No. 36, Case No. 14-cv-1578-JSW. As further explained below, each of the relevant factors in these cases strongly supports a stay pending determination and resolution of AOL's Petitions for *Inter Partes* Review. Moreover, such a stay is the only way for the Court and parties to eliminate the risk of needlessly spending substantial time and resources addressing issues that the IPRs will likely moot—one way or another.

### A.     Discovery Has Not Yet Begun, and No Trial Dates Have Been Set

These cases are in their infancy. No substantive actions have yet occurred in this Court, nor did any substantive actions occur in the cases transferred from the District of Delaware. No parties in the above-captioned cases have taken any discovery, nor has a scheduling order been issued in this case. Tsuei Decl.¶¶ 3-4. As a result, this factor weighs heavily in favor of a stay. *See Evolutionary Intelligence*, 2014 WL 819277 at *3 (granting a stay and finding that the stage of the litigation favors a stay, stating "Little discovery has actually taken place, no trial date has been set, and no deadlines other than initial disclosures and infringement and invalidity contentions have passed under the Texas court's scheduling order before the case was transferred."). The case for a stay here is even more compelling than in *Evolutionary Intelligence*, where the plaintiff had "identified its asserted claims and served preliminary infringement contentions" (2014 WL 819277, at *3); in this case Coho has not yet even identified the claims it believes that the Movants infringe, and no trial dates or other dates have been set.

### B.     Resolution of AOL's IPRs Will Simplify the Issues In These Cases.

Resolution of AOL's IPR petitions would likely simplify the issues in these cases. The IPR petitions challenge every claim of the Patents-in-Suit. Accordingly, if the PTAB cancels all of the challenged claims, the above-captioned cases "would be rendered moot." *PersonalWeb Technologies, LLC v. Facebook, Inc.*, 5:13-CV-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014). If the PTAB cancels or modifies "any of the asserted claims," the scope of these cases would "likely be narrowed and simplified." *Id.* Indeed, any of the claims that are not

cancelled by the PTAB may survive in an amended form. The amendment of claims during an IPR "could create intervening rights and limit potential damages," which would also simplify the related cases before the Court. *Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013).

Even if the PTAB "affirms the validity of every asserted claim," this Court "would still benefit as such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO" – precisely as "intended by the AIA." *Id.* As a result, this factor also weighs heavily in favor of a stay.

### C. Coho Will Not Be Unduly Prejudiced Or Disadvantaged By A Stay.

Coho is a non-practicing entity. Coho does not make, sell, market, or produce products or services, in competition with any of the Movants or otherwise. *See Evolutionary Intelligence*, 2014 WL 819277 at *5 (no undue prejudice because parties were not marketplace competitors). Neither has Coho requested a preliminary injunction in any of its cases, and monetary damages will be sufficient to compensate it for any alleged infringement, should any of its claims survive review by the PTAB. Thus, staying these actions will thus not create any risk that Coho would be unduly prejudiced.

As AOL more fully addressed in its pending motion to stay, AOL did not unduly delay in filing its Petitions. AOL exercised its rights by filing its Petitions well within the statutorily-defined period. *Compare Evolutionary Intelligence*, 2014 WL 819277, at *4 (granting a stay even though petitioners filed on "the very last day" permitted under statute, noting that "the IPR petitioners filed the petitions properly within the statutory time frame. Under these facts, this delay was not unreasonable, and Evolutionary Intelligence does not point to any tangible undue prejudice resulting from the IPR petitioners exercising their statutory rights."). Nor have Movants delayed in filing the pending motion for stay, as reflected by the very early nature of the pending actions. Coho thus will not be unduly prejudiced or disadvantaged by a stay, and this factor weighs heavily in favor of such stay.

### V.   CONCLUSION

1    Accordingly, for the reasons set forth above (and as is set forth in Defendant AOL's
2 motion and accompanying papers), Movants respectfully request a stay to all proceedings in the
3 above-captioned cases pending the final resolution of the IPR petitions filed by AOL.

DATED:   August 25, 2014                Repectfully submitted,

                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By  /s/ Kevin P.B. Johnson
                                            Kevin P.B. Johnson
                                            Attorney for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Civil L.R. 5-1(h)(1) on August 25, 2014. Any other counsel of record will be served via facsimile or electronic mail pursuant to Civil L.R. 5-1(h)(2).

                                        */s/ Kevin P.B. Johnson*
                                        Kevin P.B. Johnson

Case Nos. 14-cv-01576-JSW, 14-cv-1577-JSW, 14-cv-2128-JSW, 14-cv-2131-JSW, 14-cv-2132-JSW, 14-cv-2718-JSW     -10-
DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW