Jean G. Vidal-Font (Bar No. 266475)
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
Telephone:  (787) 766-7000
Email:  jvidal@ferraiuoli.com

Kris S. LeFan, SBN 278611
**LOWE & ASSOCIATES, P.C.**
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Attorneys for Plaintiff Coho Licensing LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COHO LICENSING LLC, | Civil Case No: 14-cv-1577-JSW |
| v. | |
| LINKEDIN CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** |

**Table of Contents**

I.      INTRODUCTION ......................................................................................................... 1

II.     APPLICABLE LAW ................................................................................................... 3

III.    ARGUMENT ............................................................................................................... 6

    A.     Defendant's Request To Stay Is Premature .......................................................... 6

    B.     Granting A Stay In The Case At Bar Would Gravely Prejudice Coho .................. 8

        i.     The timing of the IPR petitions and the timing of the request for stay
            weigh against granting Defendant's motion. ................................................ 9

        ii.    The status of the IPR petitions weighs against the granting of a stay....... 10

        iii.   The relationship of the parties weighs against the granting of a stay. ...... 11

    C.     Granting A Stay Will Not Simplify This Case. .................................................... 13

        i.     Contrary to the IPRs, the Validity of the Asserted Patents Is Not the Only
            Issue Pending for Adjudication In The Above-Captioned Case. .............. 13

    D.     The Time And Resources Invested By The Parties And The Court In The
        Prosecution Of This Case Weigh Against Granting The Stay. ............................ 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Cases**

*Affinity Labs of Texas v. General Motors Co.*

   Civ. No. 1-12-582, slip op. (E.D. Tex. Sept. 19, 2013) ................................................. 8, 17

*Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*

   10-CV-02863-EJD

   2011 WL 3267768 (N.D. Cal. July 28, 2011) ........................................................... 7

*Baseball Quick, LLC v. MLB Advanced Media, L.P.*

   No. 11 Civ. 1735

   2013 WL 2257094 (S.D.N.Y May 23, 2013) ........................................................... 5, 16

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*

   Civ. No. 08–63–SLR

   2010 WL 3522327 (D. Del. Sept.2, 2010) ............................................................. 9, 11

*Classen Immunotherapies, Inc. v. Biogen IDEC*

   Civ. No. WDQ-04-2607, slip op. (D. Md. Feb. 22, 2013) ...................................... 10

*Colorado River Water Conservation District v. United States.*

   424 U.S. 800 (1976) ............................................................................................. 5

*Cooper Notification, Inc. v. Twitter, Inc.*

   Civil No. 09-865-LPS

   2010 WL 5149351 (D. Del. Dec. 13, 2010) ............................................................ 5

*Cost Bros. Inc. v. Travelers Indemnity Co.*

   760 F.2d 58 (3rd Cir. 1985) .................................................................................. 3

*Davol, Inc. v. Atrium Medical Corp.*

   Civil No. 12-958-GMS

   2013 WL 3013343 (D. Del. June 17, 2013) ......................................................... 3, 5, 7

*Enzo Biochem, Inc. v. Gen–Probe Inc.*

   424 F.3d 1276 (Fec. Cir. 2005) ............................................................................ 7

*Ethicon, Inc. v. Quigg*

    849 F.2d 1422 (Fed. Cir. 1998)......................................................................... 3, 4

*Ever Win Int'l Corp. v. Radioshack Corp.*

    902 F. Supp.2d 503 (D. Del. 2012).................................................................... 9

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*

    Civil No. 12-054-GMS-MPT

    2013 WL 663535 (D. Del. Feb. 25, 2013) ................................................. passim

*In Re Bill of Lading Transmission and Processing System Patent Litigation*

    MDL Dkt. No. 09-md-2050, slip op. (S.D. Ohio Dec. 31, 2013) ..................... 4, 17

*Interactive Health LLC v. King Kong USA, Inc.*

    Case No. 06–1902

    2008 WL 8793641 (C.D. Cal. June 13, 2008) ................................................. 6, 7

*Linksmart Wireless Technology, LLC v. T-Mobile USA, Inc.*

    Civ. No. 12-00522 AG (ANx), slip op. (C.D. Cal. March 14, 2013) ..................... 3

*Nken v. Holder*

    556 U.S. 418 (2009)............................................................................................ 5

*Out RAGE, LCC v. New Archery Products, Corp.*

    Civ. No. 13-240-bbc, ECF 72 (W.D. Wis. May 30, 2013) ...................... 5, 15, 16

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*

    549 F.3d 842 (Fed. Cir. 2008)............................................................................ 15

*Shurtape Technologies, LLC, et al, v. 3M Company*

    Civ. No. 11-17-RLV, slip op. (W.D.N.C. March 4, 2013) ................................. 15

*SK Hynix Inc. v. Rambus Inc.*

    No. C–00–20905 RMW

    2013 WL 1915865 (N.D. Cal. May 8, 2013) .................................................... 16

*Steuben Foods, Inc. v. GEA Process Engineering, Inc.*
  No. 12–CV–0904S(Sr)
  2013 WL 5567499 (W.D.N.Y. Oct. 8, 2013) ........................................................... 4

*Telemac Corp. v. Teledigital, Inc.*
  450 F. Supp. 2d 1107 (N.D. Cal. 2006) ........................................................... 3, 5, 9

*Tokuyama Corp. v. Vision Dynamics, LLC*
  Case No. 08-2781
  2008 WL 4452118 (N.D. Cal. Oct. 3, 2008)........................................................... 6

*TPK Touch Solutions, Inc v. Wintek Electro-Optics Corp.*
  Case No. 13-cv-02218
  2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) ........................................................ passim

*Tric Tools, Inc. v. TT Techs. Inc.*
  Case No. 12-cv-3490
  2012 WL 5289409 (N.D. Cal. Oct. 25, 2012)........................................................... 6

*Ultratec, Inc. v. Sorenson Communications, Inc.*
  No. 13–cv–346–bbc
  2013 WL 6044407 (W.D. Wis. Nov. 14, 2013)........................................................ 5, 7, 11, 14

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*
  943 F.Supp.2d 1028 (C.D. Cal. 2013) ........................................................ passim

*Videx Inc. v. Triteq Lock and Security et al*
  Civ. No. 11-6384- AA, slip op. (D. Ore. March 26, 2013)..................................... 7

*VirnetX Inc. v. Apple Inc.*
  Civ. No. 12-855, slip op. (E.D. Tex. July 22, 2013) ......................................... 12

*Viskase Corp. v. American Nat'l Can Co.*
  261 F.3d 1316 (Fed. Cir. 2001)........................................................... 3

*Voltstar Technologies, Inc. v. Superior Communications, Inc.*
  Civil Action No. 2:12–cv–00082–JRG [Consolidated Case]

iv

Civil Action No. 2:13–cv–00097–JRG [Lead Case]

    2013 WL 4511290 (E.D. Tex. August 22, 2013)................................................................ 5, 8, 12, 16

*Walker Digital LLC v. Google Inc.*

    Civ. No. 11-00309, slip op. (D. Del. April 11, 2013) ...................................................... 12, 14

*Wordtech Systems, Inc. v. Microboards Mfg.*, LLC

    Case No. 09–04612

    2010 WL 1641510 (N.D. Cal. Apr. 22, 2010) ........................................................................ 6

**Statutes**

35 U.S.C. § 282 ................................................................................................................................. 9

35 U.S.C. § 314(a) ......................................................................................................................... 10

35 U.S.C. §141(b) ........................................................................................................................... 13

COMES NOW, Plaintiff **COHO LICENSING, LLC** (hereinafter "Plaintiff" or "Coho"), through the undersigned legal representation, and very respectfully states and prays as follows:

## I.  INTRODUCTION

Coho has sought redress for Defendant, LinkedIn Corporation's ("LinkedIn" or "Defendant") infringement of U.S. Patents Nos. 8,024,395 (the "'395 Patent"), 8,166,096 (the "'096 Patent) (collectively, the "Asserted Patents") since September 18, 2013 when Plaintiff filed the original Complaint in Delaware. *See Coho Licensing LLC v. LinkedIn Corporation*, Case No. 1:13−cv−01569−RGA, Dkt. No. 1. Although Coho has diligently sought to advance this litigation, Defendant has employed every conceivable tactic to delay and prevent this case from reaching its merits. To delay matters further Defendant, on August 25, 2014, filed a Notice of Motion and Motion to Stay Pending *Inter Partes* Review ("Motion to Stay") (Dkt. No. 57) stating that it would move for a motion to stay all proceedings in its action against Coho pending the final resolution of the Petitions for *Inter Partes* Review filed by AOL, Inc. ("AOL") with the U.S. Patent and Trademark Office challenging all claims of the Asserted Patents. *See* Dkt. No. 57 at p. 3.[1] Defendant further states that it incorporates by reference the facts stated and arguments made by AOL in its Motion to Stay. *Id.* at p. 7. In sum, Defendant's Motion to Stay is simply Defendant's latest delay tactic and should be denied for the reasons set forth herein.

Prior to continuing with the substantive discussion, it is important to note that Defendant is not the petitioner or a privy to the petitioner of the *inter partes* review as to the Asserted Patents petitioned by AOL. Even though the IPR has not yet been instituted, in case that the IPR is instituted, Defendant will have the advantage of not being estopped from presenting invalidity arguments addressed in the

---

[1] Identical motions were filed by Mode Media Corporation (formerly named "Glam Media, Inc.") and Ning, Inc., *See* Case No: 14-cv-1576-JSW, Dkt. No. 60; and also for Twitter Inc., *See* Case No: 14-cv-2718-JSW, Dkt. No. 45.

1

petition for IPR, in the event that AOL (the party that filed the IPR petition) settles or withdraws from the administrative proceedings.

Substantively, the first reason Defendant's Motion to Stay should be denied is that it is premature as the United States Patent and Trademark Office ("USPTO") has yet to determine if it will even grant the *Inter Partes* Review ("IPR") petitions filed by AOL.[2] Nonetheless, even if the USPTO were to grant AOL's IPR petitions, the stay of the instant case would be unwarranted after analyzing the applicable factors.

First, granting a stay would gravely prejudice Coho, who would be deprived of its right to enforce the Asserted Patents indefinitely even though the outcome of the IPR petitions -- and thus, the IPRs-- are purely speculative at this time. In addition, because the USPTO can only entertain invalidity arguments that could be raised under 35 U.S.C. §§ 102 or 103 (using prior art consisting of patents or printed publications), the remaining issues in this case (such as invalidity arguments that could be raised under 35 U.S.C. §§ 101 or 112) will still need to be addressed by this Court. Furthermore, as previously discussed, because Defendant is not a party to the IPR, it would benefit from not being estopped from bringing any of the arguments addressed and rejected by the PTAB in the IPR proceedings. Additionally, any decision by the USPTO will still be amenable for various appeals within the USPTO and the Federal Circuit.

Second, unlike Coho, Defendant has not acted with diligence. It must be noted that this case is practically a year old; trial would be expected in little over a year from now; a transfer of venue claim and process has already been completed; and the parties have already invested a substantial amount of time, money, and resources into the same.

---

[2] Patent No. 8,166,096 is challenged in IPR2014-0074 filed on 5/16/14. Patent No. 8,024,395 is challenged in IPR2014-00771 filed on 5/16/14. Patent No. 8,667,065 is challenged in IPR2014-00966 filed on 6/17/14. The Petitioners in all IPRs are AOL and Cloudera, Inc.

Moreover, Defendant's request is extremely untimely. Defendant waited until after the case was transferred to California to request this stay. These delay tactics displayed by Defendant reflect another attempt to obtain improper tactical advantages over Coho. If Defendant is allowed to stay this case, Coho will not have an opportunity to redress Defendant's infringement of the Asserted Patents for an indeterminate period of time—and possibly not until after the IPRs are finally completed, which could be almost two more years. As such, a stay is completely unwarranted.

## II. APPLICABLE LAW

Even if the USPTO grants AOL's IPR petitions, the stay of the instant litigation should be denied. An analysis of the standard used by courts to determine whether a stay pending administrative review is warranted or not clearly supports this conclusion.

The decision of whether to grant a stay is a matter left within this Court's discretion. *See Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006) (*quoting Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998)); *Cost Bros. Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3rd Cir. 1985); *Davol, Inc. v. Atrium Medical Corp.*, Civil No. 12-958-GMS, 2013 WL 3013343, at *2 (D. Del. June 17, 2013). This discretion has been found to extend to "patent cases in which a review or reexamination by the USPTO has been requested." *Davol, Inc.*, 2013 WL 3013343, at *2 (*quoting Ethicon*, 849 F.2d at 1426-27).

No court is obligated to stay its proceedings while there is a pending patent reexamination, regardless of whether the court is analyzing the same issues as the USPTO. *See Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). That is at least in part because "reexaminations can be filed […] at seemingly random moments over the span of patent litigation." *See Linksmart Wireless Technology, LLC v. T-Mobile USA, Inc.*, Civ. No. 12-00522 AG (ANx), slip op. at 3

(C.D. Cal. March 14, 2013).[3] Therefore, "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts.  Federal court calendars should not be hijacked in this manner." *Id. and TPK Touch Solutions, Inc v. Wintek Electro-Optics Corp.*, Case No. 13-cv-02218, 2013 WL 6021324, at *2 (N.D. Cal. Nov. 13, 2013)*; see also Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1035 (C.D. Cal. 2013) ("The Court is concerned that allowing the progress of its docket to depend on the status of proceedings elsewhere can interfere with its obligation 'to secure the just, speedy, and inexpensive determination of every action.'") (*citing* Fed.R.Civ.P.1).

Indeed, a rule that automatically stays patent cases pending USPTO procedures "would invite parties to unilaterally derail litigation." *TPK Touch Solutions*, at *2 (internal citations omitted).  In fact, Congress envisioned that re-examinations would take place concurrent with litigation. *See In Re Bill of Lading Transmission and Processing System Patent Litigation*, MDL Dkt. No. 09-md-2050, slip op. at 2, (S.D. Ohio Dec. 31, 2013)[4] *citing Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013).

A district court may allow a case to move forward while reexaminations are underway since the functions of the courts and the Patent Office are very different and are concepts not in conflict. *Steuben Foods, Inc. v. GEA Process Engineering, Inc.*, No. 12–CV–0904S(Sr), 2013 WL 5567499, at * 3 (W.D.N.Y. Oct. 8, 2013); *see also Ethicon*, 849 F.2d at 1427 ("[P]recise duplication of effort does not occur because the PTO and the courts employ different standards of proof when considering validity, and the courts, unlike the PTO during a reexamination of patent claims, are not limited to review of prior art patents or printed publications, but may also consider challenges to validity on other grounds.") (internal citations omitted).

---

[3] Attached hereto as Exhibit 1.

[4] Attached hereto as Exhibit 2.

In exercising this discretion within the context of *inter partes* reviews or reexaminations,[5] courts "should consider the effect of delay upon a patentee," *see Fresenius*, 582 F.3d at 1305 *citing* pre-AIA 35 U.S.C. § 318, "while keeping in mind the 'virtually unflagging' obligation of federal courts to exercise jurisdiction in cases properly before them, ***absent exceptional circumstances.***" *See Ultratec, Inc. v. Sorenson Communications, Inc.*, No. 13–cv–346–bbc, 2013 WL 6044407, at *2 (W.D. Wis. Nov. 14, 2013), and *Out RAGE, LCC v. New Archery Products, Corp.*, Civ. No. 13-240-bbc, ECF 72, pp. 4-5, (W.D. Wis. May 30, 2013) (emphasis ours) *both citing Colorado River Water Conservation District v. United States.*, 424 U.S. 800, 817 (1976). As such, the party requesting a stay bears the burden of showing that the circumstances of the case justify a deviation from the aforementioned principles. *Ultratec*, 2013 WL 6044407, at *2 *citing Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

In adherence to the principles set forth above, courts have looked to the following set of factors when considering a motion to stay in connection with USPTO procedures: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; and (3) whether discovery is complete and a trial date has been set." *See e.g.*, *Telemac*, 450 F. Supp. 2d at 1110; *TPK Touch Solutions*, 2013 WL 6021324, at *2; *Davol, Inc.*, 2013 WL 3013343, at *2; *Steuben Foods*, 2013 WL 5567499, at * 4; *Voltstar Technologies, Inc. v. Superior Communications, Inc.*, Civil Action No. 2:12–cv–00082–JRG [Consolidated Case], Civil Action No. 2:13–cv–00097–JRG [Lead Case], 2013 WL 4511290, at *2 (E.D. Tex. August 22, 2013);

---

[5] *Inter partes* review allows a party other than the patentee to bring an adversarial proceeding in the PTO to establish that the patent claims are invalid under 35 U.S.C. §§ 102 or 103. 35 U.S.C. § 311. A significant change from *inter partes* reexamination to *inter partes* review is that it "converts inter partes reexamination from an examinational to an adjudicative proceeding." *See Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1030 (C.D. Cal. 2013) *citing* H.R. Rep. No. 112–98, 46 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 77. While *inter partes* reexamination was conducted through amendment-and-response practice before a PTO examiner, *inter partes* review will be conducted before a panel of Administrative Patent Judges of the newly formed Patent Trial and Appeal Board ("PTAB"). *Id.* However, for purposes of analyzing motions to stay, courts treat *inter partes* reviews and *inter partes* reexaminations alike, at it emerges from the numerous cases cited in this motion.

*Baseball Quick, LLC v. MLB Advanced Media, L.P.*, No. 11 Civ. 1735, 2013 WL 2257094, at *2 (S.D.N.Y May 23, 2013).

The party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, and if there is even a fair possibility that a stay for which he prays will work damage to someone else, it will weigh against granting the Defendant the stay that it seeks. *Cooper Notification, Inc. v. Twitter, Inc.*, Civil No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010) (*quoting Landis*, 299 U.S. at 255); *see also ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, Civil No. 12-054-GMS-MPT, 2013 WL 663535, at *5 (D. Del. Feb. 25, 2013). Coho herein discusses each of the aforementioned factors, and applies them to the case at hand.

### III. ARGUMENT

#### A.  Defendant's Request To Stay Is Premature

As a threshold matter, Defendant's request is premature because the USPTO has not even decided whether it will institute the requested *inter partes* reviews, let alone reject any patent claims. "Seeking a stay at this juncture is, at best, premature, and, at worst, an indicator of a tactical delay strategy." *Tric Tools, Inc. v. TT Techs. Inc.,* Case No. 12-cv-3490, 2012 WL 5289409, at *2 (N.D. Cal. Oct. 25, 2012) (denying stay where PTO had not yet granted requests for reexamination). Because AOL has only requested PTO proceedings, and the PTO has not yet agreed to undertake them, "the Court and the parties cannot know now whether the claims subject to IPR will be the same claims that Plaintiff asserts here." *TPK Touch Solutions, Inc v. Wintek Electro-Optics Corp.*, Case No. 13-cv-02218, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013) (denying stay); *see also Universal Electronics, Inc. v. Univ. Remote Control, Inc.,* Case No. 12–00329, 2013 WL 1876459, at *4 (C.D. Cal. May 2, 2013) ("The undecided status of the petitions clouds the simplification inquiry."); *Tokuyama Corp. v. Vision Dynamics, LLC*, Case No. 08-2781, 2008 WL 4452118, at *3 (N.D. Cal. Oct. 3, 2008) (denying stay where reexamination request had not yet been granted); *Interactive Health LLC v. King Kong USA, Inc.*,

6

Case No. 06–1902, 2008 WL 8793641, at *4 (C.D. Cal. June 13, 2008) (rejecting Defendants' invitation to stay case based on speculation "that a decision by the Patent Office may be forthcoming and that such a decision *may* be useful to, or dispose of this litigation") (emphasis in original); *Wordtech Systems, Inc. v. Microboards Mfg.*, LLC, Case No. 09–04612, 2010 WL 1641510, at *2 (N.D. Cal. Apr. 22, 2010) (rejecting Defendants' request "to stay these proceedings on the unsupported presumption that the patents-in-suit will be invalidated").

Denying Defendant's Motion to Stay due to the uncertainty and stage of the IPR petitions comports to previous decisions by this district court. *See Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011). Similarly, courts have generally found that granting a stay when the USPTO has yet to decide whether to institute proceedings is unwarranted. *See e.g., Ultratec, Inc. v. Sorenson Communications, Inc.*, No. 13–cv–346–bbc, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013) (denying the stay after considering "the fact that the Patent Office has not yet granted the petitions to review the nine patents adds an additional layer of doubt whether the *inter partes* review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court"); *Davol, Inc. v. Atrium Medical Corp.*, Civil No. 12–958–GMS, 2013 WL 3013343, at *2, n.3 (D. Del. June 17, 2013) (denying the stay by noting "the fact that the review proceedings are in their infancy forces the non-moving party to wait not only for a PTO decision on the challenged claims but also for the preliminary decision on whether to even hear the challenge"); *Videx Inc. v. Triteq Lock and Security et al*, Civ. No. 11-6384- AA, slip op. at *8[6] (D. Ore. March 26, 2013) ("[U]ntil Triteq's request for reexamination is granted, any effect it may have on plaintiff's claim is merely speculative. Therefore, I find no good cause to stay this action.").

Further, courts recognize that "Congress has provided a presumption of validity to patent owners and a patentee's right to seek redress in court for infringement." *Interactive Health*, 2008 WL 8793641,

---

[6] Attached hereto as Exhibit 3.

at *4; *see also Enzo Biochem, Inc. v. Gen–Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) ("A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary.") (citing 35 U.S.C. § 282).

Defendant's request to stay the case is clearly nothing more than a dilatory tactic since Defendant knew about the filing of the IPR nearly three months ago but, following AOL's example, it purposefully delayed filing its motion to stay in this case until now. This tactic should not be allowed by this Court as it would undoubtedly provide Defendant with an unfair advantage over Coho, since for the past three months Coho has invested a substantial amount of effort, resources and time into the active proceedings of this case. If Defendant knew it was going to request a stay, they should have done so three months ago. Accordingly, this Court should deny the motion to stay, rather than enable Defendant to continue to delay these proceedings.

### B.  Granting A Stay In The Case At Bar Would Gravely Prejudice Coho

As shown in this section, granting a stay in this case would unduly prejudice Coho who has an interest in timely enforcing its patents. *See Voltstar Technologies*, 2013 WL 4511290, at *2; *see also Portal Technologies LLC v. Yahoo! Inc.*, Civ. No. 11-440-JRG, slip op. at *2[7] (E.D. Tex. Jan. 3rd, 2013). A denial of the timely enforcement of its patent rights would leave Coho without protection against unauthorized use of the patented technology. *Id.* Furthermore, as time passes, the quality and quantity of evidence diminishes. *Affinity Labs of Texas v. General Motors Co.*, Civ. No. 1-12-582, slip op. at *3[8] (E.D. Tex. Sept. 19, 2013). As potential witnesses leave the employ of the parties, the witnesses become more difficult to locate and subpoena. *Id.* Additionally, by the time the USPTO finishes its proceedings, possibly several years from now, the then available witnesses may not remember details as clearly as

---

[7] Attached hereto as Exhibit 4.

[8] Attached hereto as Exhibit 5.

they do now. *Id.*; *see also Voltstar Technologies*, 2013 WL 4511290, at \*2 (noting that if the case is stayed "witnesses may become unavailable, their memories may fade, and evidence may be lost").

Because proof of Defendant's infringement depends on how its products work *now*, such facts will be harder to prove in the future, when the products may be discontinued and key witnesses may be harder to locate and subpoena. In light of the aforementioned, it has been noted that ***only*** those proceedings that have been ***substantially completed*** have the potential of weighing in favor of a stay. *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, Civ. No. 08–63–SLR, 2010 WL 3522327, at \*3 (D. Del. Sept.2, 2010). Since AOL's IPRs have not even been instituted they "may substantially outlast a jury verdict, post trial briefing and subsequent Federal Circuit review associated with this litigation." *Id.* Therefore, staying the instant case is clearly unwarranted.

Moreover, this district court has adopted a set of four sub-factors for evaluating "prejudice." The aforementioned sub-factors include: (1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties. *See Telemac*, 450 F. Supp. 2d at 1110; *see also TPK Touch Solutions*, 2013 WL 6021324, at \*4 and *ImageVision.Net, Inc.*, 2013 WL 663535, at \*1 *both quoting Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp.2d 503, 507 (D. Del. 2012)). When these factors are considered, it is clear that granting the Motion to Stay would unduly prejudice Coho.  As such, this factor weighs in favor of denying the Motion to Stay.

        **i.  The timing of the IPR petitions and the timing of the request for stay weigh against granting Defendant's motion.[9]**

The overall circumstances surrounding the IPR petitions and the Motion to Stay operate against Defendant's request. When a motion to stay pending proceedings with the USPTO is made well after the

---

[9] Since sub-factors 1 and 2 of the prejudice test are closely related, and because the IPR was filed by a third-party and not by AOL, these two elements are discussed herein together.

onset of litigation, it may lead to an inference that the moving party is seeking an *inappropriate* tactical advantage. *See Tric Tools*, 2012 WL 5289409, at *2.

Addressing similar arguments and circumstances as in this case, the court in *Classen Immunotherapies, Inc. v. Biogen IDEC*, Civ. No. WDQ-04-2607, slip op. (D. Md. Feb. 22, 2013)[10] concluded that this factor weighed against a stay, since the Defendants failed to seek reexamination at the beginning of the case, and it was not until after the court denied their motion to dismiss and for reconsideration that they decided to challenge the patents in suit before the USPTO. Indeed, the court characterized Defendants' motion as an attempt "to employ every procedural advantage and delay possible in this litigation to [plaintiff]'s detriment." *Id.* at 6-7. Here, in spite of being cognizant of the claims against it, Defendant failed to diligently challenge the Asserted Patents in a timely manner with the USPTO. Instead they waited until the case was transferred to California before they filed their IPRs and later waited three more months before moving this Court to stay the case.

From the foregoing, it is proper to infer that Defendant is seeking an *inappropriate* tactical advantage and that granting the motion to stay will cause undue prejudice to Coho.

### ii.   The status of the IPR petitions weighs against the granting of a stay.

The status of the IPR petitions weighs heavily against the granting of the stay. As previously discussed, the IPR petitions have not, and may not, even been granted by the USPTO; whereas, this case has almost surpassed the year mark and is close to begin its discovery stage.

It is important to note that the Patent Trial and Appeal Board statistics unequivocally show that the rate of denials of *inter partes* review petitions has been steadily increasing.[11] The most recent available statistics show that roughly 32% of the IPR petitions considered by the PTAB in 2014 were denied institution. In this scenario, granting a stay would allow Defendant to simply file an IPR petition

---

[10] Attached hereto as Exhibit 6.

[11] http://www.uspto.gov/ip/boards/bpai/stats/aia_statistics_082814.pdf

that, even if not instituted, would give them the opportunity to stay a patent litigation for a nominal filing fee amount.

Moreover, even if granted, the USPTO process would be in its infancy and would have a long way to go. *See e.g.*, *ImageVision.Net, Inc.*, 2013 WL 663535, at *4 ("As the request for reexamination was only granted [two months ago], the reexamination is in the early stage, and therefore, the status of the reexamination process does not favor a stay."). In addition, there is no certainty as to the number of claims, if any, in the Asserted Patents that the USPTO will actually decide to review. *See* SMITH, MATTHEW, *Results from Early PTAB Decisions on Inter Partes Review Petitions*, March 1, 2013, attached hereto as Exhibit 3.

Furthermore, if the USPTO were to grant one or both IPRs, its review would still take up to 18 months to be completed. *See* 37 C.F.R. §42.100(c). Even then, it has been noted that "'final' does not always have its plain and ordinary meaning at the USPTO," *see Portal Technologies LLC*, slip op. at *1, since the proceedings before the USPTO are "an arduous process fraught with the potential of multiple appeals." *Belden Techs.*, 2010 WL 3522327, at *3. Whatever the USPTO may decide, either party would have the right to appeal such decision before the Court of Appeals for the Federal Circuit, which could further delay the process for an additional several years. *See* 35 U.S.C. §141(b); *see*, *e.g.*, *Ultratec, Inc.*, 2013 WL 6044407, at *1 (denying stay by considering that "[a]ltogether, the *inter partes* review procedure may take two years and appeal to the Federal Circuit could extend the timeline further"); *see also Voltstar Technologies*, 2013 WL 4511290, at *2 *and Universal Electronics*, 943 F.Supp.2d at 1033 (reaching same conclusion). This means that Coho would finally get its day in Court after May 2016 when this litigation would be longer than three years since the original Complaint was filed.

### iii.   The relationship of the parties weighs against the granting of a stay.

This criterion is mostly applied when the parties are direct competitors, in which case, it heavily tilts against the stay. When the parties are not competitors -- and in the absence of further considerations

-- this factor is likely to remain neutral. Notwithstanding the aforementioned, Defendant asserts that Coho will not be prejudiced with the stay because it "is a non-practicing entity." *See* Dkt. No. 57, p. 8.

Recently, courts have rejected arguments similar to Defendant's since, regardless of whether the parties are direct competitors or not, there exist additional elements that will tilt this factor against the stay. For instance, in *Linksmart Wireless*, the court gave little credit to Defendants' contention that no prejudice could ensue when the plaintiff and the Defendants were not competitors, since there were other considerations that demonstrated prejudice to the plaintiff with the stay, including the decrease of importance of the technology in suit as the time passed by, and the potential impact that such decrease in importance could have over a jury, which could end up attributing less value to plaintiff's technology, as it became obsolete. *Linksmart Wireless*, Civ. No. 12-00522, slip op. at 9-10. Similarly, in *VirnetX Inc.* the Eastern District of Texas rejected Apple's argument that since VirnetX did not manufacture or sell any products it could not suffer any actual harm associated to customer loss or injury of market share, by considering that it was more important to plaintiff's right to timely enforce its patents. *VirnetX Inc. v. Apple Inc.*, Civ. No. 12-855, slip op. at 3 (E.D. Tex. July 22, 2013).[12]

It should also be noted that in *Walker Digital LLC v. Google Inc.*, 1-11-cv-00318, Dkt. No. 305 at p. 2 (Del., June 24, 2014), the court denied Defendants' motion to stay pending covered business method (CBM) review and found that the non-practicing entity plaintiff would be unduly prejudiced by a stay. The court noted that "[a]lthough it is true that [plaintiff] does not actively practice the patents and, therefore, does not compete with [Defendants], it is also true that the longer [Defendants] is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets." There is no reason why the same rational should not apply in the context of an IPR. The longer Defendant is allowed to engage in infringing activity, the lower the value of the Asserted Patents as licensing assets.

---

[12] Attached hereto as Exhibit 7.

The value of the Asserted Patents lies in Coho's capability to license them or seek damages adequate to compensate for Defendant's infringement. Each day that Defendant's unlicensed use of the Asserted Patents continues unabated, it gains an unfair, competitive advantage over its competitors that have obtained licenses. Moreover, the fact that Defendant remains immune provides justification for a strategy of infringing patents and deploying dilatory tactics where it is economically efficient and strategically rewarding to do so. A stay would essentially eviscerate Coho's right to license the Asserted Patents for the next two years, minimum, which in turn means that it will extinguish Coho's right to exclusivity of the Asserted Patents. Therefore, this factor also weighs against the stay.

**C.  Granting A Stay Will Not Simplify This Case.**

Defendant seeks to meet its burden of proof by proposing that a stay will simplify this case. For example, Defendant states that there is "likelihood that the claims of the Patents-in-Suit will be canceled or modified as a result of the pending IPR proceedings." *See* Dkt. No. 57, p. 4. But there are various additional elements that demonstrate that this case will not be simplified with the stay. Among them, perhaps the most important factors are: (1) that Defendant is not statutorily estopped or bound by the proceedings before the USPTO since they are not petitioners or a privy to the petitioner; and (2) even if it agrees to be bound, there will still remain several issues that can only be adjudicated in a court of law as further explained below.

In summary, all that Defendant can claim at this early stage of the IPR proceedings are possibilities. Defendant cannot provide this Court with any certainty pertaining to whether or not the IPR petitions will be granted and, even more remote, if granted, what would be invalidated or changed that would aid this Honorable Court in simplifying the controversies. As such, Defendant cannot rightfully claim that this case will be simplified with a stay.

      **i.  Contrary to the IPRs, the Validity of the Asserted Patents Is Not the Only Issue Pending for Adjudication In The Above-Captioned Case.**

Defendant also claims that the stay is warranted because this Court will allegedly benefit from the USPTO's expertise. *See* Dkt. No. 57 at pp. 7-8. However, as one court has noted, "although it is tempting to hand-off the responsibility for resolving this dispute to the PTO, I am mindful that it was the PTO that issued the [patent in suit] in the first instance, and that [the patent in suit] is still presumed valid." *Walker Digital LLC v. Google Inc.*, Civ. No. 11-00309, slip op. at 5-6 (D. Del. April 11, 2013).[13]

Moreover, even if the IPR petitions are eventually granted by the USPTO, this case presents many issues that the USPTO simply cannot and will not address; thus, leaving these issues to be litigated in this Court.  If the USPTO grants the petitions, it is not clear that the *inter partes* review would address the issues that will be determinative in this case. *See Ultratec, Inc.*, 2013 WL 6044407, at *4. Validity is only one of many issues that may be raised in a patent case and at this point in the litigation, it is not clear what issues will be central to this case's determination. *Id*. Consequently, "it is not yet clear whether *inter* partes review will simplify the issues or reduce the burdens of litigation by estopping validity defenses." *Id*; *see also TPK Touch Solutions,* 2013 WL 6021324, at *4 ("The Court also finds, however, that in most cases, the filing of an IPR request *by itself* does not simplify the issues in question and trial of the case. Ultimately, the PTO may not institute IPR proceedings. Even if it does, the Court and the parties cannot know now whether the claims subject to IPR will be the same claims that Plaintiff asserts here."); *Esoterix Genetic Laboratories*, Civ. No. 12-1173, slip op. at 2, ("[S]taying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay.").

As it has been noted, a petitioner in an IPR proceeding "can raise its invalidity defenses in this court but [Plaintiff] cannot raise its infringement claims before the patent examiner." *See Out RAGE*, Civ. No. 13-240-bbc, slip op. at 6. Furthermore, and perhaps more importantly is the fact that a

---

[13] Attached hereto as Exhibit 8.

requestor's burden to show that a reexamination or review should issue from the USPTO is unrelated to a Defendants' burden to prove invalidity by "clear and convincing evidence" at trial. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008). As such, the fact that a reexamination or review has been granted does not itself show a substantial question of validity nor does it mean that the patent is invalid. *Id.* at 847.

In view of the foregoing, courts have denied a stay even **after** the USPTO has cancelled or rejected some or all of the claims of the patents in suit during review or reexamination. For instance, in *Shurtape Technologies*, the USPTO rejected plaintiff's patent claims on *twenty* different grounds, based on *seven* different prior art references, either alone or in combination. *Shurtape Technologies, LLC, et al, v. 3M Company*, Civ. No. 11-17-RLV, slip op., at 7 (W.D.N.C. March 4, 2013). However, the court in that case found that the USPTO rejections should not lead to the stay of the lawsuit since "under any reexamination scenario, reexamination only addresses patentability and would leave certain theories of invalidity and questions of infringement for subsequent litigation by this Court [and] upon a finding of infringement, willfulness of infringement as well as damages would remain for the Court." *Id.* (internal citations and quotation marks omitted).

Several courts have concluded the same. *See e.g.*, *SK Hynix Inc. v. Rambus Inc.*, No. C–00–20905 RMW, 2013 WL 1915865 (N.D. Cal. May 8, 2013) ("Because reexamination proceedings of the [six claims that survived the USPTO proceedings] are final, and because the Six Claims standing alone are sufficient to support the damages award for infringement, the motion for stay is denied"); *see also ImageVision.Net, Inc.*, 2013 WL 663535 (denying the stay although the USPTO rejected all claims of the patent in suit); *Voltstar Technologies*, 2013 WL 4511290 (denying stay although the USPTO had rejected all the claims of the patents in suit); *Steuben Foods*, 2013 WL 5567499 (denying the stay although the USPTO had rejected 34 of the 36 claims in suit); *Portal Technologies*, Civ. No. 11-440-JRG, slip op. (denying the stay although the USPTO had rejected all of the claims of the patent in suit);

15

*Out RAGE*, Civ. No. 13-240-bbc, slip op. (denying the stay although the USPTO examiner found substantial new questions of patentability for all the claims of the patent in suit); *Baseball Quick*, 2013 WL 2257094 (denying the stay although some of the claims of the patent in suit were rejected by the USPTO).

In the instant litigation, many issues will remain for adjudication regardless of the outcome of the administrative proceedings. This includes infringement, damages, defenses under 35 U.S.C. §§ 101 and 112; and equitable defenses, such as laches and estoppel. Because the parties will still have to litigate these issues before this Court, this factor weighs against a stay.

**D.  The Time And Resources Invested By The Parties And The Court In The Prosecution Of This Case Weigh Against Granting The Stay.**

It is well settled that, "merely claiming that the stage of the case is early is not sufficient grounds to support a stay." *See e.g.*, *ImageVision.Net, Inc.*, 2013 WL 663535, at *3. In any event, the stage of the litigation must be balanced against the stage of the USPTO proceedings. *Id.* In the instant case, Defendant plays fast and loose with its definition of "infancy." While it characterizes this 12-month old lawsuit as being in its "infancy," it nonetheless refuses to characterize as "early" the two IPR petitions filed by AOL, which have not even been granted by the USPTO.

Courts have determined that the amount of time, effort, resources and money that the parties and the courts have already invested in the case make the stay unreasonable. For instance, in *ImageVision.Net, Inc. v. Internet Payment Exchange* the court noted that although no trial date had been set, discovery was ongoing, a scheduling order had been issued, cut off dates for discovery had been entered, and the *Markman* process and letter briefs on case dispositive motions loomed in the near future (within six to eleven months). *See e.g.*, *ImageVision.Net, Inc.*, 2013 WL 663535, at *1. The court thus concluded that "substantial time and resources have been devoted in this case to scheduling and the resolution of discovery disputes, and thus the economies that might otherwise flow from granting a stay

16

early in a case are somewhat offset by the substantial resources already incurred by both the parties and the Court". *Id. quoting SoftView LLC v. Apple, Inc.*, C.A. No. 10–389–LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012); *Universal Electronics*, 943 F.Supp.2d at 1031 (denying the stay after considering that, although no electronic discovery had occurred and no depositions had been noticed, the court had invested significant resources in becoming familiar with the case that it would be a waste of judicial resources to put off litigating the matter for the length of time necessary to conclude the proceedings with the USPTO); *Affinity Labs.*, Civ. No. 1-12-582, slip op. at 3 (denying the stay after considering that attorneys had participated in Rule 26(f) scheduling conference and the court had entered a scheduling order, disclosure had begun and the trial was expected to take place within a year).

In view of the foregoing, even if this Court finds that "judicial and party resources <u>might</u> be preserved by waiting for the [IPR] process to conclude . . . [t]he prejudice to the [non-movant] in granting a stay of indefinite but probably lengthy duration . . . outweighs the somewhat illusory savings in judicial and party resources." *In re Bill of Lading*, No. 09-2050, slip op. at 2-3 (emphasis in the original). Accordingly, this factor weighs against granting the Motion to Stay.

## II.    CONCLUSION

Defendant has not shown why a stay is warranted. First, because the USPTO has yet to decide whether or not to grant AOL's IPR petitions, the suggestion that issues will be simplified is purely speculative. Furthermore, arguing that the USPTO will likely institute the IPR is also speculative in light of the most recent trial institution statistics. In addition, because the USPTO can only entertain a narrow subset of invalidity arguments, even if the IPR petitions were granted, there is no certainty that any issues would be simplified. Further, since Defendant is not the petitioner or a privy to the petitioner, it will not be estopped from bringing invalidity arguments brought before the administrative agency, which means that the issues in this case are unlikely to be simplified. In addition, a stay would be

inefficient, especially, in light of the fact that a trial that will resolve all issues is likely to occur early in 2016.

Accordingly, along with the time and resources already expended on this 12-month old litigation and other factors weighing against a stay, Defendant's Motion should be denied.


DATED:  September 8, 2014                FERRAIUOLI LLC
                                        By: */s/ Jean G. Vidal-Font*

                                        Jean G. Vidal-Font (jvidal@ferraiuoli.com)
                                        221 Plaza 5th Floor
                                        221 Ponce de León Ave.
                                        San Juan, Puerto Rico 00917
                                        Telephone:  (787) 766-7000

                                        Attorneys for Plaintiff COHO LICENSING LLC

## DECLARATION

I, Jean G. Vidal-Font, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:  September 8, 2014

By: */s/ Jean G. Vidal-Font*
Jean G. Vidal-Font

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REVIEW